UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   9/23/2021
```

                v.                      13-CR-147 (KMW)

**OPINION & ORDER**

FLOR SOTO,

                Defendant.
-------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

Defendant Flor Soto has filed a motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Mot., ECF No. 703.) The Government opposes the motion. For the reasons set forth below, Soto's motion is DENIED.

## BACKGROUND

On July 8, 2014, Soto was charged by indictment with defrauding the Internal Revenue Service and the United States Treasury in a scheme involving the use of stolen identities. (Gov't Opp'n. at 1, ECF No. 721.) On June 17, 2016, pursuant to a plea agreement, Soto pled guilty to theft of government funds, in violation of 18 U.S.C. §§ 641–642. (*Id.* at 2.) On January 11, 2017, Soto was sentenced to 87 months' imprisonment. (*Id.* at 3.) Her anticipated release date is October 3, 2023. (*Id.*)

On May 24, 2021, Soto initially moved, *pro se*, for compassionate release. (Mot., ECF No. 703.) Soto's motion was later supplemented by a memorandum filed by counsel on July 19, 2021. (Mem., ECF No. 712.) On August 26, 2021, the Government filed its opposition. (Gov't Opp'n.) On September 1, 2021, Soto filed a supplemental letter. (Reply, ECF No.

723.)

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP") or upon motion of the defendant.  A defendant may move under Section 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1]   18 U.S.C. § 3582(c)(1)(A).

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A), (A)(i).   The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents.  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a).   18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the Section 3553(a) sentencing considerations outweigh those reasons.  *See, e.g.*, *United States v. Butler*, No. 19 Cr. 834-10 (PAE), 2020 WL 1689778, at *2–3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

---

[1] Soto has exhausted her administrative remedies.   Thirty days have elapsed since her June 8, 2020 request to the warden of FCI Aliceville.   (Mot. at 10–11.)   The warden denied Soto's request on July 10, 2020.   (*Id.*)

2

## DISCUSSION

I.     **Extraordinary and Compelling Reasons**

Soto argues that, based on two distinct concerns, she has demonstrated the existence of extraordinary and compelling reasons warranting her release. The Court agrees with the Government, however, and finds that Soto has not met her burden to establish the existence of such reasons.

    **A. Conditions of Confinement**

Soto contends that she is entitled to compassionate release based on the high number of COVID-19 infections at Federal Correctional Institution ("FCI") Aliceville and the effect of COVID-19 on the conditions of her incarceration. (Mem. at 8–10.) These arguments are unpersuasive. The high number of positive COVID-19 tests at FCI Aliceville is concerning,[2] and COVID-19 restrictions in BOP facilities have doubtless taken a toll on all inmates.

But Soto has been fully vaccinated since April 1, 2021. (Gov't Opp'n at 5.) Although vaccinated individuals remain vulnerable to new COVID-19 variants, any risk that Soto may become severely ill from COVID-19 will be significantly reduced. *See United States v. Pabon*, No. 17 Cr. 312 (JPC), 2021 WL 603269, at *3 (S.D.N.Y. Feb. 16, 2021) (Cronan, J.) (denying compassionate release for defendant who had been vaccinated). Additionally, Soto has not alleged that she is at serious risk of contracting COVID-19, and, although Soto has a history of breast cancer, (Mem. at 11), the Centers for Disease Control and Prevention has not designated

---

[2] The BOP has clarified that the number of positive tests at a facility is not equal to the number of cases, as one person may have been tested more than once. (Gov't Opp'n at 4.)

breast cancer survivors as people who are especially immunocompromised.[3]

In light of the above, the Court finds that, with respect to the risks associated with COVID-19, Soto has not demonstrated the existence of extraordinary and compelling reasons warranting release.

**B. Ms. Soto's Health**

Second, Soto argues that, given that she is a 58-year-old breast cancer survivor, the BOP has not provided adequate medical care with respect to two cysts that she has developed since being housed at FCI Aliceville.  She states that her options for medical treatment will improve significantly if she is released from FCI Aliceville.  (Mem. at 13.)  The Court finds that Soto's painful growths, diagnosed as benign cysts, (Gov't Opp'n at 5), do not rise to the level of extraordinary and compelling circumstances justifying release.

Soto's concerns about a possible recurrence of cancer are serious.  In 2006, Soto was diagnosed with and treated for Stage 3 breast cancer.  (Mem. at 11.)  In January 2020, Soto complained of lumps in her breast and pelvic region.  (*Id.*)  Staff at FCI Aliceville conducted a sonogram and planned for a CT scan to be performed.  (*Id.*)  In December 2020 and in February 2021, Soto submitted Sick Call Requests due to the painful growths.  (*Id.*)  An August 2021 CT scan revealed that the lumps are, fortunately, benign cysts, a finding that Soto acknowledges in her reply brief.  (Reply at 1.)  However, she alleges that while she awaited her long-delayed CT scan, she suffered from fear and anguish that her cancer had recurred. (Reply at 3.)

---

[3] Press Release, Centers for Disease Control and Prevention, *COVID-19 Vaccines for Moderately to Severely Immunocompromised People* (Sept 2, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html.

4

Soto's arguments are unavailing.  The standard for demonstrating that a medical condition qualifies as an "extraordinary and compelling" circumstance is that the condition "substantially diminishes" an inmate's ability to provide self-care.  U.S. Sentencing Guidelines Manual § 1B1.13, cmt. 1(A)(ii), (ii)(I) (U.S. Sentencing Comm'n 2018).[4]  Courts in this circuit have found that this demanding standard is met upon the showing of "a specific life-ending or debilitating illness with a predictable, dire short-term prognosis."  *United States v. Ebbers*, 432 F. Supp. 3d 421, 429 (S.D.N.Y. 2020) (Caproni, J.); *see also United States v. Gileno*, 448 F. Supp. 3d 183, 187–88 (D. Conn. 2020) (collecting cases and stating that "[c]ourts grant sentence modifications or reductions based on defendants' medical conditions where those conditions are extremely serious, if not life-threatening").

Soto's benign cysts, although serious, are not life-ending, nor do they carry a predictable, dire prognosis in the short term.  The Court acknowledges the significant amount of discomfort and anguish Soto experienced due to the prolonged waiting period for a CT scan.  Based on the diagnosis that the cysts are benign, however, Soto's concerns about the recurrence of cancer do not meet the demanding standard for showing that her ability to provide self-care is substantially diminished.  As a result, the Court finds that, with respect to the cysts, Soto has not demonstrated the existence of extraordinary and compelling reasons warranting release.

## II. Section 3553(a) Sentencing Considerations

Even if Soto had demonstrated the existence of extraordinary and compelling reasons in favor of release, consideration of the Section 3553(a) sentencing factors would militate against a

---

[4] Following the Second Circuit's decision in *Brooker*, the Court is not bound, in a compassionate release motion brought directly by a defendant, by the policy statements set forth by the U.S. Sentencing Commission in U.S.S.G. § 1B1.13.  *See United States v. Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 6392817, at *2 (S.D.N.Y. Oct. 30, 2020) (Failla, J.) (discussing *Brooker*).  Nevertheless, courts may look to such statements for guidance.  *See id.*

sentence reduction.   *See* 18 U.S.C. § 3553(a).

Certain 3553(a) considerations weigh in Soto's favor.   Early release may allow Soto to receive "medical care . . . in the most effective manner."   *Id.* § 3553(a)(2)(D).   If, in the future, Soto requires additional CT scans, she may receive them more expeditiously if she were outside the care of the BOP.   In addition, with respect to Soto's history and characteristics,[5] *id.* § 3553(a)(1), Soto's participation in BOP programming is commendable.   (*See* Mem. at 17.)

Other Section 3553(a) considerations, however, outweigh those noted above.   As the Court stated at sentencing, it is "difficult to overstate the seriousness" of Soto's offense.   (Sent. Tr. at 15, ECF No. 537.)   Soto engaged in fraudulent activity that inflicted over $20,000,000 in actual losses to the United States Treasury and victimized more than one hundred individuals whose identities Soto utilized to commit her fraud.   (Gov't Opp'n at 1; Gov't Sent. Sub. at 5, ECF No. 517.)   With respect to her character, Soto was the "mastermind" behind the entire scheme, and Soto is "uniquely responsible" for the pain and suffering caused to the victims.   (Sent. Tr. at 15–16.)   Furthermore, Soto has not acknowledged her guilt   (Soto's pending habeas petition continues to assert her innocence[6]), calling into question whether this conviction will deter her from crime in the future.   A lengthy sentence remains important to deter others from engaging in fraudulent schemes.

Finally, Soto has served approximately 47 months in detention, reflecting a little over half of her original 87-month sentence.   (Mem. at 18.)   Courts in this district have denied

---

[5] Soto also argues that an early release will permit her to take care of her mentally ill son.   (Mem. at 15.)   The circumstances surrounding Soto's son are troubling, but Soto is subject to deportation, which presents a serious impediment to her ability to see and care for her son in the event she is released.   (*See* Def. Sent. Sub. at 4–5, ECF No. 516; Sent. Tr. at 11.)

[6] "I am innocent as a matter of fact."   (Mot. to Vacate at 6, ECF No. 686.)

motions for compassionate release by defendants who have served comparable portions of their respective sentences. *See, e.g.*, *United States v. Nieves*, No. 12-cr-931 (AJN), 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020) (Nathan, J.).

In light of the above, granting compassionate release would not be consistent with the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B). On balance, the Court thus finds that the Section 3553(a) sentencing considerations weigh against compassionate release.

## CONCLUSION

For the foregoing reasons, Soto's motion for compassionate release is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 703.

SO ORDERED.

Dated: New York, New York
September 23, 2021

<i>/s/ Kimba M. Wood</i><br>
KIMBA M. WOOD<br>
United States District Judge