```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
FLOR SOTO,

                        Movant,

         -against-

UNITED STATES OF AMERICA,

                        Respondent.
--------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    3/2/2022

19-CV-11038 (KMW)
13-CR-147-5 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Movant Flor Soto, proceeding *pro se*, has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Mot., ECF No. 686.)[1] The Government opposes the motion. For the reasons that follow, Soto's motion is DENIED.

## BACKGROUND

On June 17, 2016, Soto entered a guilty plea to one count of theft of government funds under 18 U.S.C. § 641, and the Government agreed to dismiss the remaining five counts against her. In an accompanying plea agreement, Soto waived her right to contest any sentence within or below the stipulated Guidelines range of 87 to 108 months of imprisonment—whether directly, through collateral challenge, or by pursuing a sentence modification—with the exception that she retained her right to raise claims of ineffective assistance of counsel. (Opp'n, Ex. A at A37–A38, ECF No. 688-1.) On January 11, 2017, the Court sentenced Soto to 87 months of imprisonment, to be followed by three years of supervised release, and ordered restitution and forfeiture of $24.7 million. (ECF No. 524.)

---

[1] Except where otherwise noted, all docket citations refer to criminal case number 13-CR-147.

Soto then appealed her conviction and sentence. On August 28, 2019, the Second Circuit granted the Government's motion, made with Soto's consent, for a limited remand to this Court for resentencing with respect to forfeiture in light of the Supreme Court's decision in *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). *United States v. Santana*, No. 17-176 (2d Cir. Aug. 28, 2019). The same Order dismissed the remainder of Soto's appeal as barred by the valid waiver of her appeal rights, but noted that she remained able to assert claims of ineffective assistance of counsel in a 28 U.S.C. § 2255 motion. *Id.*

Soto filed the instant motion on November 19, 2019. She asserts four jurisdictional or constitutional grounds and seeks immediate release from detention, as well as "pain and suffering damages in the amount of $72,000,000 for unlawful arrest from January 13[,] 2017 [to the] present." (Mot. at 14.)[2] Subsequently, on August 10, 2021, the Court entered an amended judgment against Soto; the amendment substituted a stipulated forfeiture amount of $700,476 in place of the previous forfeiture amount of $24,719,724. (*See* ECF No. 718.)

The Court on September 23, 2021 denied a motion for compassionate release that Soto had filed based on her concern about contracting COVID-19. (ECF No. 724.) Soto renewed her motion for compassionate release on January 16, 2022. (ECF No. 725.)

## DISCUSSION

Soto's motion attacks her sentence on four grounds, each of which is procedurally barred. She asserts that (1) "[t]he district court acted outside its limited jurisdiction," (2) "[t]here was no probable cause for arrest," (3) the plea agreement is "illegal and void" on the basis of arguments

---

[2] Citations to Soto's section 2255 motion and the exhibit to the Government's memorandum in opposition refer to their internal pagination, not the pagination created by ECF. The citation to Soto's renewed motion for compassionate release refers to the pagination created by ECF.

2

echoing the holding in *United States v. Booker*, 543 U.S. 220 (2005), and on the basis of the Court's purported failure to give Soto credit for time spent in pretrial custody, and (4) the judgment is "illegal and void on [the basis of] due process." (Mot. at 5–9.) In the plea agreement signed by Soto, she agreed that "the defendant will not . . . bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . of any sentence within or below the Stipulated Guidelines Range of 87 to 108 months' imprisonment," with the exception of claims of ineffective assistance of counsel. (Opp'n, Ex. A at A37–A38.) Because Soto was sentenced to 87 months' imprisonment, this waiver—held to be valid by the Second Circuit—bars each of these challenges.

The motion also can be read to assert a claim of ineffective assistance of counsel when "construed liberally to raise the strongest arguments it suggests," as a *pro se* filing must be. *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks and brackets omitted). Soto makes one brief reference in her motion to "lack of effective coun[s]el"—the only claim that would not be procedurally barred. (*See* Mot. at 11.) Viewed very liberally, Soto's papers suggest that her lawyer was ineffective in advising her to accept the plea agreement rather than to proceed to trial, at which point Soto believes she could have raised the arguments that she now asserts.

A section 2255 claim of ineffective assistance of counsel must meet the two requirements established in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, "a defendant must demonstrate, first, that 'in light of all the circumstances,' the acts or omissions of trial counsel 'were outside the wide range of professionally competent assistance,' and, second, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Nolan*, 956 F.3d 71, 79 (2d Cir.

3

2020) (quoting *Strickland*, 466 U.S. at 690, 694). An inability to satisfy either prong causes a claim of ineffective assistance to fail. *See Eze v. Senkowski*, 321 F.3d 110, 123 (2d Cir. 2003).

     Soto's failure to satisfy *Strickland*'s first prong renders her unable to make out a claim of ineffective assistance of counsel. First, the four grounds upon which she rests her motion are baseless. Soto supports Ground One, that the Court acted outside its jurisdiction, with citations to irrelevant parts of the *United States Code* and *Code of Federal Regulations*. Her contention in Ground Two, that there was no probable cause for her arrest, is belied by the fact that the grand jury determined that there existed probable cause that Soto committed the crimes charged in the indictments. (*E.g.*, ECF No. 35.) Furthermore, Soto supports this ground with a claim of actual innocence that she later recanted[3] and references to powers of the Internal Revenue Service that are not applicable to this case. Ground Three, that the plea agreement is illegal and void, rests on a failure to recognize the advisory nature of the United States Sentencing Guidelines after *Booker* and a misunderstanding of the mechanics by which defendants receive credit for time spent in custody prior to sentencing. *See United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998). Finally, in Ground Four, Soto invokes a collection of misplaced arguments to assert a violation of due process. Soto's complaint that she was sentenced without trial fails due to her valid guilty plea; her vague statements about the conditions of her pretrial release are not relevant to the validity of her sentence; her bald assertion that the Court lacks jurisdiction repeats an argument addressed above and remains unavailing; and her attack on the validity of the restitution order relies on the Controlled Substances Act, which has no bearing on this case.

---

[3] In her renewed motion for compassionate release, Soto stated that the assertion in her section 2255 motion that she is "innocent as a matter of fact" was written "without Ms. Soto's permission or knowledge," by an English-speaking inmate who translated and filled out the motion form for Soto. (Renewed Mot. for Compassionate Release at 63, ECF No. 725.)

Counsel was well within the bounds of professional competence in declining to raise such arguments.

Second, Soto provides no reason to believe that counsel's recommendation to enter the plea agreement was constitutionally inadequate. The unfounded legal arguments recounted in her motion do nothing to suggest that counsel's recommended course was ill-considered. At a minimum, Soto fails to demonstrate that this advice was sufficiently misguided to overcome the "strong presumption" of competent performance by counsel. *See Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015). Her passing reference to ineffective counsel is even more threadbare than the types of factual allegations that are regularly held to be "too conclusory to meet *Strickland*'s rigorous requirements." *Castellano v. United States*, 795 F. Supp. 2d 272, 282 (S.D.N.Y. 2011) (Marrero, J.). This shortcoming is particularly glaring in light of Soto's sworn statements that she understood the content of her plea agreement and was satisfied with the performance of her trial counsel. (Sent. Tr. at 7:4–15, 15:10–24, ECF No. 408.) When a collateral attack on a sentence contradicts a defendant's earlier sworn declarations in court, "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

## CONCLUSION

For the foregoing reasons, Soto's motion is DENIED. Because Soto has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Soto may not proceed *in forma pauperis* for any such appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Because Soto filed her motion before entry of the amended judgment in this case, a new motion pursuant to 28 U.S.C. § 2255 would not be treated as a second or successive motion. *See Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010). A new motion can therefore be filed without certification by the court of appeals and—if timely—considered by this Court. *See* 28 U.S.C. § 2255(f), (h).

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 686 on docket number 13-CR-147 and at ECF No. 1 on docket number 19-CV-11038, and to mail a copy of this Order to Soto.

SO ORDERED.

Dated: New York, New York
March 2, 2022

　　　　　　　　　　　　　　　　　　　　　　　/s/ Kimba M. Wood
　　　　　　　　　　　　　　　　　　　　　　　KIMBA M. WOOD
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge