UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA

              -against-

FLOR SOTO,

                        Defendant.
-----------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/7/2023
```

13-CR-147 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Flor Soto has filed a second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 725; Def.'s Suppl., ECF No. 730.) The Government opposes Soto's motion. (Gov't Opp'n, ECF No. 736.) For the reasons set forth below, Soto's motion is DENIED.

## BACKGROUND

      From approximately 2008 to 2013, Soto led a team of co-conspirators in a sophisticated scheme to defraud the Internal Revenue Service and the United States Treasury. (Presentence Investigation Report ("PSR") ¶¶ 26, 66, ECF 447.) The scheme involved the use of stolen identities to file fraudulent and false tax returns. (*Id.*) On June 17, 2016, Soto pled guilty to theft of government funds, in violation of 18 U.S.C. § 641. (Plea Tr. 19: 20-22, ECF No. 408.) On January 11, 2017, the Court sentenced Soto to 87 months' imprisonment, noting that Soto was the "mastermind" behind the "very serious" large-scale fraud. (Sent'g Tr. 15:23-16:21, ECF No. 529.)

      Soto filed a motion for compassionate release on May 24, 2021. Soto argued that

compassionate release was warranted because of her health issues and COVID-19 conditions at Federal Correctional Institution (FCI) Aliceville. (ECF Nos. 703, 712.) The Court denied Soto's motion, finding that Soto had failed to show "extraordinary or compelling" reasons for early release and that the § 3553 factors weighed against a sentence reduction. (ECF No. 724.)

On June 20, 2022, Soto filed her present motion for compassionate release. (*See* Def.'s Mot.; Def.'s Suppl.) Soto seeks a reduction of her sentence to time served for essentially the same reasons that she relied on in her first unsuccessful application for compassionate release. (*Id.*) On September 12, 2022, the Government filed a response in opposition to Soto's motion. (*See* Gov't Opp'n.) Soto declined to reply.

## LEGAL STANDARD

Pursuant to § 3582(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Three requirements must be met before a court can grant such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"). *Id.* Second, a defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* With the passage of the First Step Act, district courts have "broad" discretion in determining what facts constitute "extraordinary and compelling reasons" justifying release and are not limited to those circumstances specified in the Sentencing Guidelines. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Third, the Section 3553(a) sentencing factors must support early release. 18 U.S.C. § 3582(c)(1)(A). Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §

3553(a).

## DISCUSSION

Here, exhaustion is not an issue because the Government has conceded that "Soto has complied with the administrative exhaustion requirement" of § 3582(c)(1)(A). (Gov't Opp'n at 3 n.2.) Nevertheless, the Court denies Soto's motion because (1) Soto has not shown sufficiently "extraordinary and compelling" reasons to warrant release, and (2) the § 3553(a) factors weigh strongly against a sentence reduction.

I.  **Soto Has Not Demonstrated "Extraordinary and Compelling" Reasons for Compassionate Release.**

In her motion, Soto argues that her sentence should be reduced to time served because of (1) her health problems, and (2) COVID-19 conditions at FCI Aliceville. Both arguments lack merit.

   A.  **Soto's Health Issues**

First, Soto contends that compassionate release is warranted due to her "physical and mental health issues." (Def.'s Mot. at 1, 9.) Soto does not cite any specific physical health problems in her motion, but Soto's medical records reveal that she suffers from hypertension and that she is at risk of breast cancer recurrence as a breast cancer survivor. (Gov't Opp'n, Exs. C-F.) Soto also states in her motion that she suffers from depression and high stress, although neither condition is documented in her medical records. (Def.'s Mot. at 1-2; Def.'s Mot., Ex. A.)

As to Soto's physical conditions, the BOP is treating Soto's hypertension with medication and monitoring Soto for symptoms of breast cancer. (Gov't Opp'n, Exs. C-F.) In August 2021, BOP personnel provided Soto with a CT scan after she complained of lumps in her breast and pelvic regions. (*Id.*) Fortunately, the CT scan revealed that the lumps were benign cysts. (*Id.*)

3

Since August 2021, Soto has continued to attend regular check-up appointments with BOP medical staff which have indicated that Soto remains healthy. (*Id.*) Thus, Soto's physical health problems do not rise to the level of "extraordinary and compelling" reasons justifying compassionate release.

Similarly, Soto's arguments regarding her mental health issues are unavailing. Soto's depression and anxiety are self-diagnosed, and she has neglected to seek treatment for either condition. (*See id.*) Furthermore, Soto has failed to show that the BOP will be unable to provide her with appropriate medication or counseling should she opt to seek treatment. Accordingly, Soto's mental health issues do not constitute "extraordinary and compelling" circumstances justifying release.

### B. COVID-19 Prison Conditions

Second, Soto argues that early release is warranted because of COVID-19 prison conditions at FCI Aliceville. According to Soto, the number of COVID-19 infections at FCI Aliceville is "growing exponentially," and the BOP has been unable to address the spread of the virus or provide adequate treatment for inmates. (Def.'s Mot. at 3-6.) Additionally, Soto states that the BOP is continuing to subject inmates to long lockdown periods, which have made the conditions of her confinement unduly harsh. (*Id.* at 8-9.)

Since Soto filed her motion, however, COVID-19 conditions at FCI Aliceville have dramatically improved. There is currently only one confirmed active case of COVID-19 at FCI Aliceville, and the facility is functioning as a Level 1 facility, which means that minimal operational modifications are in place. *See COVID-19*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last updated Mar. 6, 2023, 3:00 PM). Furthermore, Soto has been fully vaccinated (*see* Def.'s Mot. at 2), so she is less likely to contract or become seriously ill from COVID-19. *See Overview of COVID-19 Vaccines*, CTR. FOR DISEASE CONTROL &

4

PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/overview-COVID-19-vaccines.html (last updated Nov. 1, 2022). Soto can no longer show that COVID-19 conditions constitute an "extraordinary and compelling" reason for release. *See, e.g.*, *United States v. Jones*, No. 17-CR-214, 2021 WL 4120622, at *2 (S.D.N.Y. Sept. 9, 2021) (McMahon, J.) ("[T]he risk of COVID-19 for a vaccinated individual is substantially reduced to the point that a defendant will typically not be able to demonstrate extraordinary and compelling reasons after he has been vaccinated.")

**II.     The Section 3553(a) Factors Weigh Against Release.**

Even if Soto could demonstrate an "extraordinary and compelling" reason for early release, the § 3553(a) factors militate against a sentence reduction. The applicable § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence to reflect the appropriate purposes of punishment. 18 U.S.C. § 3553(a).

Here, "it is difficult to overstate the seriousness of [Soto's] offense." (Sent'g Tr. 15:18-19.) Soto orchestrated an identity theft scheme which victimized hundreds of individuals and inflicted over $20,000,000 in losses to the United States Treasury. (PSR ¶¶ 66, 68.) As the "mastermind" behind the scheme, Soto was "uniquely responsible for all of the pain and suffering" caused. (Sent'g Tr. 15:24-16:3.) Releasing Soto now would not "reflect the seriousness of the offense, [] promote respect for the law, [or] provide just punishment for the offense." 18 U.S.C. § 3553(a). Furthermore, it would not "afford adequate deterrence" to similar fraudulent activity. *Id.* Therefore, the Court finds that the § 3553(a) factors weigh against compassionate release.

**CONCLUSION**

5

For the foregoing reasons, Soto's motion for compassionate release pursuant to § 3582(c)(1)(A) is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 725.

SO ORDERED.

Dated: New York, New York　　　　　　　　　　　　*/s/ Kimba M. Wood*
　　　　March 7, 2023　　　　　　　　　　　　　　　KIMBA M. WOOD
　　　　　　　　　　　　　　　　　　　　　　United States District Judge